Citation Nr: 1755102 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 10-11 770 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement a rating in excess of 10 percent, for dry eyes, status post lacrimal tube implant.

2. Entitlement to an effective date prior to January 9, 2009, for the award of a compensable rating for dry eyes, status post lacrimal tube implant.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

B. Moore, Associate Counsel



INTRODUCTION

The Veteran served on active duty from February 1992 to March 1998.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a June 2009 rating decision of the Cleveland, Ohio, Regional Office (RO) of the Department of Veterans Affairs (VA). The Houston, Texas, RO now has jurisdiction over this case.

The Board remanded the above described claims, as well as the issue of whether the Veteran perfected an appeal of a May 2007 rating decision, in September 2012. In March 2017, the RO issued a statement of the case (SOC) that adjudicated the issue of whether the Veteran perfected an appeal of the May 2007 rating decision. The Veteran did not submit a formal appeal of this issue. 


FINDINGS OF FACT

1. During the entire period on appeal, the Veteran's service-connected disability of dry eyes, status post lacrimal tube implant, has manifested in symptoms analogous to a lacrimal disorder affecting both of the Veteran's eyes. 

2. January 2009 is the earliest recognizable date for the award of a compensable rating for the Veteran's service-connected dry eyes, status post lacrimal tube implant.


CONCLUSIONS OF LAW

1. During the entire period on appeal, the criteria for a rating of 20 percent for dry eyes, status post lacrimal tube implant, have been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.79, Diagnostic Code 6025 (2017).

2. The criteria for entitlement to an effective date prior to January 9, 2009, for the award of a compensable rating for dry eyes, status post lacrimal tube implant, have not been met. 38 U.S.C. §§ 5110, 5111; 38 C.F.R. §§ 3.151, 3.155, 3.400.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

A claim for an increased rating arises from the veteran's disagreement with the initial evaluation assigned following a grant of service connection. Once service connection is granted, the claim is substantiated and additional notice is not required. See Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). 

As to the duty to assist, VA has made reasonable efforts to identify and obtain relevant records in support of the Veteran's claim. See 38 U.S.C. § 5103A(a), (b) and (c). The RO has obtained the Veteran's VA medical records. VA afforded the Veteran VA examinations in April 2009 and May 2017 to evaluate the severity of his service-connected disability. The Board finds these reports adequate to decide the Veteran's claim. See Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007). 

The Board also finds that the RO has substantially complied with the Board's prior remand directives. See Stegall v. West, 11 Vet. App. 268, 270-71 (1998) (holding that a remand by the Board imposes upon the Secretary of VA a concomitant duty to ensure compliance with the terms of the remand, and that the Board itself commits error as a matter of law in failing to ensure this compliance). The Board concludes that no further assistance to the Veteran in developing the facts pertinent to this claim is required.





II. Legal Criteria

Disability evaluations are determined by the application of a schedule of ratings that are based on average impairment of earning capacity. See 38 U.S.C. § 1155; Part 4. Separate diagnostic codes identify the various disabilities, and disabilities must be reviewed in relation to their history. See 38 C.F.R. § 4.1. Pertinent general policy considerations include: interpreting examination reports in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability, resolving any reasonable doubt regarding the degree of disability in favor of the claimant, evaluating functional impairment on the basis of lack of usefulness, and evaluating the effects of the disability upon the veteran's ordinary activity. See 38 C.F.R. §§ 4.2, 4.3, 4.10; Schafrath v. Derwinski, 1 Vet. App. 589 (1991). This analysis is undertaken with consideration of the possibility that different ratings may be warranted for different periods. See Hart v. Mansfield, 21 Vet. App. 505 (2007). 

An evaluation and award for pension, compensation, or dependency and indemnity compensation, based on an original claim or a claim for increase, will be the date of receipt of the claim or the date entitlement arose, whichever is later. See 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. An exception applies, however, where the evidence demonstrates that a factually ascertainable increase in disability occurred within the one-year period preceding the date of receipt of a claim for increased compensation. In such an instance, the law provides that the effective date of the award "shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date." 38 U.S.C. § 5110(b)(3).

For conditions that are not specifically listed in the schedule of ratings, VA regulations provide that those conditions may be rated by analogy under the diagnostic code for "a closely related disease or injury." 38 C.F.R. § 4.20; see 38 C.F.R. § 4.27 ("When an unlisted disease, injury, or residual condition is encountered, requiring rating by analogy, . . . ."). Where, however, a condition is listed in the schedule, rating by analogy is not appropriate. In other words, "[a]n analogous rating . . . may be assigned only where the service-connected condition is 'unlisted.'" Suttman v. Brown, 5 Vet. App. 127, 134 (1993).

Diagnostic Code 6025 applies to disorders of the lacrimal apparatus (epiphora, dacryocystitis, etc.). Bilateral disorders of the lacrimal apparatus are evaluated as 20 percent disabling. Unilateral involvement is evaluated as 10 percent disabling. See 38 C.F.R. § 4.79. 


III. Factual Background

In November 2007, The Veteran filed a notice of disagreement with a May 2007 decision that granted the Veteran entitlement to service connection for "dry eyes, status-post lacrimal tube implant." [The Board notes that the rating decision states "[s]ervice connection for dry eyes, status-post lacrimal tube (tear duct) implant, has been established . . . . You were given natural tears to treat your eye dryness."]. 

April, May, and June 2008 VA treatment records indicate that the Veteran reported no visual disturbances. 

In October 2008, the RO issued a SOC that discussed the Veteran's appeal of the rating of his service-connected dry eyes, status-post lacrimal tube implant. According to the record, the Veteran faxed his formal appeal (VA Form 9) in January 2009. The Veteran's VA Form 9 was accompanied by several lay statements dated in December 2008. A March 2009 Report of Contact notes that the Veteran stated "he faxed in form 9[.]" The RO found the Veteran's VA Form 9 to be untimely, and treated the Veteran's formal appeal as a new claim for an increased rating.

In April 2009, VA provided the Veteran with an examination to assess the Veteran's eyes. During the examination, the Veteran reported that he experienced "alternating dry eyes and tearing in the right eye," as well as "relatively constant itching and tearing of the right eye, which the [Veteran] reported often felt like a pinprick sensation." 
In June 2009, the RO award the Veteran a rating of 10 percent for his service-connected dry eyes, status-post lacrimal tube implant. The Veteran' filed a notice of disagreement with the June 2009 decision in September 2009, and stated that he was entitled to a rating in excess of 10 percent, and an earlier effective date, for his service-connected dry eyes, status-post lacrimal tube implant.

The Board remanded the Veteran's claims of entitlement to an increased rating and earlier effective date for his service-connected dry eyes, status-post lacrimal tube implant, in September 2012, and requested that the RO adjudicate the additional issue of whether the Veteran timely filed the VA Form 9 meant to perfect the appeal of the May 2007 rating decision. An April 2013 VA treatment record indicates that the Veteran experienced "bilateral eye redness with green discharge[,]" lasting one day. An August 2014 VA treatment record indicates that the Veteran reported no loss of vision, blurring of vision, diplopia, or redness, affecting his eyes. 

A May 2017 VA examination of the Veteran's eyes revealed that the Veteran reported use of artificial tears "and ocular medication for ocular allergies." The Veteran also reported that he experienced bilateral blurred vision that "would clear once he blinks a few times or uses artificial tear eyedrops. Veteran noted both eyes . . . bother him when in dry environment, areas of high air movement, or when out in the sun. Veteran had no other eye condition complaint at today's examination." In a corresponding report, the examiner noted that the Veteran experienced a bilateral lacrimal apparatus disorder, in the form of dry eyes. 


IV. Analysis

The evidence of record indicates that the Veteran submitted a claim for a compensable rating for his service-connected dry eyes, status-post lacrimal tube implant, on January 9, 2009, in the form of a VA Form 9. It does not appear that the Veteran experienced an increase in disability during the one-year period preceding his claim for a compensable rating. Under 38 C.F.R. § 3.400, January 9, 2009, is the earliest point at which the Veteran could receive a compensable rating for his service-connected dry eyes, status-post lacrimal tube implant. 
The Board notes that the assignment of a particular diagnostic code is dependent on the facts of a particular case. See Pernorio v. Derwinski, 2 Vet. App. 625, 629 (1992) (holding that one diagnostic code may be more appropriate than another based on such factors as the Veteran's relevant medical history, his current diagnosis, and demonstrated symptomatology). In this case, the Veteran's service-connected disability is rated under Diagnostic Code 6025. It appears that this rating is based on a disability analogous to a disorder of the lacrimal apparatus, diagnosed as dry eyes. The Board notes that that "lacrimal" is defined as "pertaining to the tears." Dorland's Illustrated Medical Dictionary 996 (32nd ed. 2012). Given the nature of the Veteran's disability, Diagnostic Code 6025 presents the most appropriate criteria for the adjudication of the Veteran's claim. 

Given the medical evidence of record, and affording the Veteran the benefit of the doubt, the Board finds that the Veteran experienced symptoms analogous to a bilateral disorder of the lacrimal apparatus during the entire period on appeal. As such, the Veteran is entitled to a rating of 20 percent, from January 9, 2009. This is the highest evaluation available under Diagnostic Code 6025. See 38 C.F.R. § 4.79.


ORDER

Entitlement to a rating of 20 percent for service-connected dry eyes, status-post lacrimal tube implant, is granted, effective January 9, 2009.

Entitlement to an effective date prior to January 9, 2009, for the award of a compensable rating for dry eyes, status post lacrimal tube implant, is denied.



____________________________________________
VICTORIA MOSHIASHWILI 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs